## Salaries of School Teachers

ARNOLD, Deputy Attorney General, February 6, 1934.—You report to us that a certain school district, before the close of the last school term, canceled all contracts with its teachers, and subsequently reëmployed them on new contracts. The new contracts are based on the statutory basic minimums provided by the School Code of 1911 for new employes of a school district and do not include the increments prescribed for old employes. For example, a teacher who was entitled under the salary schedules of the School Code to a salary of $1,600 in the school year 1932-1933 has been employed on a new contract for the present year at a salary of $1,200.

You ask whether such a practice conforms to the requirements of the law.

Section 1210 of the School Code, as amended, establishes a schedule of minimum salaries and minimum increments for teachers in various types of school districts. The real question here is whether a school district can avoid paying the statutory increments by cancelling the contracts of its teachers each year and reëmploying them for the next year.

Paragraph 10 of section 1210 of the School Code of May 18, 1911, P. L. 309, as amended, provides as follows:

"The increments herein provided for are applicable only where the beneficiaries thereof remain in the service of the same school district. Where such teachers enter a new district, they shall enter at a point in the schedule to be agreed upon between said teacher and the employing districts, which agreement shall be made a part of the contract between them."

We have no hesitation in saying that the practice outlined above does not conform to the requirements of the law. Any other conclusion would completely nullify the increment provisions of the School Code. It is the clear intention of the law that teachers shall be entitled to increments as long as they remain in the employ of a single school district. Only when they go to a new district do they lose the benefit of the increments to which they became entitled by reason of continuous service.

608

We note that the school district to which you refer has not obtained any permission from the Superintendent of Public Instruction to reduce its salaries below the statutory schedule, as it might do under the Act of April 25, 1933, P. L. 69. Of course, where proper authorization for a reduction below the statutory schedules has been obtained, salaries may be reduced within the limits of that authorization.

Therefore, we advise you that a school district may not avoid the increment requirements of the statutory salary schedule by cancelling teachers' contracts and reemploying them for the next school term as new employes.

·From C. P. Addams, Harrisburg, Pa.